IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CARL BROWNING | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:15-CV-1655-JRG-RSP |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | | |

**MEMORANDUM OPINION**

This case presents a very limited issue for review: does the administrative record contain substantial evidence to support the Commissioner's decision that Petitioner was not disabled between February 3, 2009 and March 10, 2011? In considering Petitioner's initial claim for disability benefits beginning February 3, 2009, the Administrative Law Judge (ALJ) failed to consider whether Petitioner met the requirements of Listing 3.02(A) for chronic obstructive pulmonary disease (COPD). Thus, after Petitioner appealed that adverse decision to this Court, the Commissioner agreed to a remand so that the ALJ could make the proper analysis. *Browning v. Astrue*, Civil Action No. 2:12-0388-JRG-RSP (March 8, 2013). While that matter was under review, Petitioner filed another application and was eventually awarded Disability Insurance Benefits effective March 11, 2011. The benefits only went back to March 11, because that was the day after the denial of benefits that is currently before the Court. Therefore, the issue presented is whether the ALJ who considered the matter on remand from this Court appropriately considered the record evidence concerning Listing 3.02(A). Once again, this Court finds that she did not.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the

1

Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

The Fifth Circuit specifically addressed the effect of the Listings *in Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007), noting that the ALJ is required to provide an adequate explanation for finding that the evidence does not meet or medically equal the requirements of the Listing. Unlike the first ALJ, the ALJ on remand from this Court, ALJ Kelley Day, did address Listing 3.02(A). However, her decision to disregard the results of Petitioner's April 2009 pulmonary testing—as "a one-time event"—is not supported by any medical evidence that she has cited in the record.

The Listing at issue is 3.02(A) for COPD. 20 C.F.R. Pt. 404, Subpt. P. App. 1 §3.02(A). The relevant requirements are an FEV1 value equal to or less than the values set out in a table corresponding to the patient's height without shoes. It is undisputed that Petitioner's test results in April 2009 were well below the value corresponding to his height. Rather than properly

exercising her discretion to develop the record by obtaining medical evidence about whether this test was somehow outweighed by other medical evidence, the ALJ merely cited two irrelevant facts: first, that no physician had mentioned that the test met the Listing and second, that Petitioner had attempted (unsuccessfully) to return to work after the test. Tr. 728. Based only on those facts, she concluded that the "pulmonary function study in April, 2009 was not indicative of his overall pulmonary function, but rather a one-time event." *Id*. This analysis is woefully inadequate, especially in light of the fact that this Court remanded the case to the Commissioner specifically to properly evaluate the effect of the April 2009 test results. *Browning v. Astrue*, Civil Action No. 2:12-0388-JRG-RSP (Dkt. No. 15 at 2). Counsel for the Commissioner offers other reasons, not cited by the ALJ, which might have supported her rejection of the test results. However, as the Fifth Circuit held in *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (Stewart, C.J.), the court may not reweigh the evidence, but "may affirm only on the grounds that the Commissioner stated for his decision." Those grounds do not support the decision below. Accordingly,

IT IS ORDERED that this case is REVERSED AND REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings consistent with this ruling.

**So ORDERED and SIGNED this 27th day of March, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE